IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| TECHRADIUM, INC., | § |
| | § |
| Plaintiff, | § |
| | § |
| VS. | §   CIVIL ACTION NO. H-10-1887 |
| | § |
| EDULINK SYSTEMS, INC., *et al*., | § |
| | § |
| Defendants. | § |

**MEMORANDUM AND OPINION ON EDULINK'S REQUEST FOR AN AWARD OF ATTORNEYS' FEES**

On May 1, 2013, this court issued a Memorandum and Opinion granting the motion for summary judgment filed by the remaining defendant, Edulink Systems, Inc. ("Edulink"). (Docket Entry No. 295). The Memorandum and Opinion included an order that Edulink submit a proposed form of final judgment. (*Id.* at 18). Edulink filed its proposed form of final judgment and a brief in support on May 17, 2013. (Docket Entry No. 296). The plaintiff, TechRadium, Inc. ("TechRadium"), responded. (Docket Entry No. 297). The only dispute over entry of final judgment is whether Edulink is entitled to an award of attorneys' fees.

Edulink argues that it is entitled to attorneys' fees as a sanction against TechRadium under Rule 11(b)(3) of the Federal Rules of Civil Procedure for filing and pursuing a meritless patent-infringement action, and as an award to Edulink as the prevailing party in an exceptional case under 35 U.S.C. § 285. (Docket Entry No. 296, at 1–2). TechRadium argues that fees are not justified because no request was "presented to the Court, . . . no opportunity for response has been afforded, and . . . no findings [were] made by the Court." (Docket Entry No. 297, at 1). TechRadium submitted its own proposed form of final judgment omitting any reference to attorneys' fees and

requiring each party to bear its own costs.

Based on this court's orders, the parties' filings, the record, and the applicable law, this court finds that Edulink is not entitled to the fees it seeks and enters final judgment without a fee award.

Edulink previously moved for sanctions, (Docket Entry No. 277). This court denied that motion without prejudice to reassertion after Edulink's motion for summary judgment was resolved. (Docket Entry No. 293). Edulink reasserted its motion for sanctions in proposing final judgment that included a fee award. (Docket Entry No. 296, at 2 n.1). "In the Fifth Circuit, when determining whether there was a Rule 11 violation, 'the standard under which an attorney is measured is an objective, not subjective standard of reasonableness under the circumstances.'" *Raylon, LLC v. Complus Data Innovations, Inc.*, 700 F.3d 1361, 1367 (Fed. Cir. 2012). This court has reviewed the pleadings, the record evidence, and the arguments made in support of TechRadium's opposition to Edulink's motion for summary judgment. This court does not find that TechRadium's infringement claims or its legal arguments in support of those claims were objectively so unreasonable as to violate Rule 11. TechRadium's ultimate inability to produce or identify sufficient evidence to raise an inference that Edulink's system was infringing or had been used in an infringing way does not equate to a finding that TechRadium was objectively unreasonable in asserting infringement. Rule 11 does not provide a basis for awarding fees. To the extent Edulink has reurged its motion for sanctions, (Docket Entry No. 277), the renewed motion is denied.

Nor does this court find that 35 U.S.C. § 285 warrants an attorneys' fee award. "A case is exceptional under § 285 if '(1) the litigation is brought in subjective bad faith, and (2) the litigation is objectively baseless.'" *Raylon*, 700 F.3d at 1370 (quoting *Brooks Furnitur Mfg., Inc., v. Dutailier Int'l Inc.*, 393 F.3d 1378, 1381 (Fed. Cir. 2008)). The record does not show either subjective bad

faith or objective unreasonableness so as to justify a fee award under § 285.

In accordance with this court's Memorandum and Opinion of May 1, 2013 granting summary judgment for Edulink and with prior orders dismissing Techradium's claims against the other defendants (*see* Docket Entries No. 105, 113, 116, 125, 166, 242, 250, 275, 276, 283), final judgment is separately entered dismissing TechRadium's claims, with prejudice.

SIGNED on June 4, 2013, at Houston, Texas.

                                        Lee H. Rosenthal
                                     United States District Judge